IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JOHNSON CONTROLS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO: 06CV1471 |
| v. | ) | |
| | ) | |
| PLANNING, RESEARCH, ANALYSIS, | ) | |
| DESIGN GROUP, INC., | ) | |
| AVERY SARDEN, LOHRASB "JEFF" | ) | |
| JAFARI, KENNETH R. SAUNDERS, | ) | |
| AND JOHN DOE | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFF'S INITIAL DISCLOSURES

(1)   State precisely the classification of the cause of action being filed, a brief factual outline of the case including Plaintiff's contentions as to what Defendant did or failed to do, and a succinct statement of the legal issues in the case:

     1.   Description of Case:

       (a)   Describe briefly the nature of this action.

Defendants are liable to JCI in an amount not less then $438,882.76.

Defendant Planning Research Analysis Design Group, Inc. ("PRAD") failed

to pay amounts that were due and owing to three (3) second-tier

subcontractors who entered into agreements with PRAD.  This failure was a

conversion and breach of the three (3) second-tier subcontracts, as well as a

breach of the Subcontract between PRAD and JCI and violation of Georgia

law.  Further, PRAD's failures to perform have resulted in project delays and energy savings shortfalls.  Further, PRAD failed to pay JCI $52,961.92 due and owing to it under check no. 432531.  Defendants Lohrasb ("Jeff") Jafari ("Jafari"), Kenneth Saunders ("Saunders"), and Avery Sarden ("Sarden") participated in or directed PRAD's failures.  Finally, Defendant John Doe received at least a portion of the subject $438,882.76.

> (b)    Summarize, in the space provided below, the facts of this case.  The summary should not be argumentative nor recite evidence.

PRAD has converted $438,882.76 in payments due to PRAD's three (3) second tier-subcontractors, as well as $52,961.92 was due and owed to JCI under check no. 432531.  PRAD has also caused delay to the Project and energy savings short falls.  On or about July 11, 2005, JCI, as Prime Contractor, and PRAD, as Subcontractor, entered into a subcontract for an energy savings construction project at the DeKalb County Jail (the "Project").  Under the terms of the agreement, PRAD committed to hiring and supervising the work of three (3) second-tier subcontractors, Mallory & Evans, Inc. ("Mallory & Evans"), GC Electric Solution, LLC ("GC"), and F&D Electric ("F&D") (collectively the "second-tier subcontractors").  JCI and PRAD agreed that PRAD would receive compensation for its supervisory work, as well as compensation for the work performed pursuant to the three (3) second-tier subcontracts.  PRAD was required to pay the

second-tier subcontractors within five (5) days of receipt of payment from JCI.

The three (3) second-tier subcontractors commenced performance on the Project and PRAD commenced its supervision of the second-tier subcontractors.  Over the course of their performance, Mallory & Evans, F&D, and GC made payment applications to PRAD totaling $707,909.91.  During the same time period, PRAD made payment applications to JCI for work performed pursuant to its Subcontract and the three (3) second-tier subcontracts totaling $810,943.00.  JCI made full payment to PRAD for the payment applications.  Despite receiving payment, PRAD has not made full payment to the three (3) second-tier subcontractors.  Instead, PRAD retained and converted $438,882.76.

The three (3) second-tier subcontractors notified JCI, made demands for payment, asserted claims on JCI's payment bond, one second-tier subcontractor walked off the job, and another decelerated its work on the Project.  The actions of the three (3) second tier subcontractors resulted in Project delays and energy savings shortfalls.  JCI made several demands to PRAD to remit payment to the three (3) second-tier subcontractors, provided PRAD with notices of default, and provided PRAD with time to cure the default.  PRAD failed and continues to fail to remit payment to the three (3) second-tier subcontractors.

In the face of the potential compromise of the Project, JCI paid the second-tier subcontractors an amount corresponding to the amounts due and owing from PRAD -- $438,882.76.  JCI made these payments to the three (3) second-tier subcontractors although it had already made full payment to PRAD for the full value of the work performed and invoiced by the three (3) second-tier subcontractors.    The three (3) second-tier subcontractors assigned and transferred their rights, interest, causes of action, and claims for recovery against PRAD to JCI.  While JCI has paid twice for the same work, PRAD continues to convert $438,882.76.

On or about March 16, 2006, PRAD agreed to reimburse JCI for its duplicative payment.  On or about March 16, 2006, PRAD officer Jafari hand-delivered check no. 432531 to JCI, in the amount of $52,961.00.  The check was intended as the first of six (6) payments PRAD committed to pay to JCI.  Subsequent to March 31, 2006, PRAD stopped payment on the check without providing notice to JCI.  PRAD continues to fail to honor the check or remit the subject funds.    Officers Sarden, Jafari, and Sarden participated in or directed PRAD's conversions and other torts.

JCI has incurred damages for extended overhead and Project management costs due to delays caused by PRAD's nonpayment, conversion, and mismanagement.  In addition, the Project's energy savings

goals, which JCI guaranteed to DeKalb County, have not been met due to PRAD's actions and omissions.

(c)   The legal issues to be tried are as follows:

Defendant has filed suit against PRAD, Jafari, Saunders, Sarden, and John Doe for the following causes of action: Count (I) Conversion of Payment for Property Improvements; Count (II) Conversion  of Check Funds; Count (III) Quantum Meruit, Unjust Enrichment, and Breach of Implied Promise, including imposition of a constructive trust; Count (IV) Breach of Contract (Subcontract); Count (V) Breach of Contract (Second-Tier Subcontracts); Count (VI) Breach of Implied Duty of Good Faith and Fair Dealing; Count (VII) Breach of Georgia Prompt Payment Act; Count (VIII) Negligence; and Count (IX) Indemnity.  JCI has also requested the award of punitive damages, attorneys' fees, costs, and post judgment interest.

JCI reserves its right to supplement pursuant to FRCP (26)(e).

(2)   Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which Plaintiff contends are applicable to this action.

(a)   Conversion (general)

O.C.G.A. § 51-10-1
O.C.G.A. § 16-9-20
O.C.G.A. § 13-6-15
O.C.G.A. § 51-1-12

{509678.0078/A0072456_1}

<u>Travelers Insurance Company v. King</u>, 287 S.E.2d 381, 384, 160 Ga. App. 473, 475 (1981)

<u>Georgia Lottery Corp. v. First Nat. Bank of Grady County</u>, 560 S.E.2d 345, 347, 253 Ga. App. 784, 786 (2002)

<u>Sawgrass Builders, Inc. v. Realty Cooperative, Inc.</u>, 323 S.E.2d, 243, 244, 172 Ga. App. 324, 234-325 (1984)

<u>Bailey v. Polote</u>, 262 S.E.2d 551, 152 Ga. App. 255 (1979)

<u>Mason v. Blayton</u>, 166 S.E.2d 601, 119 Ga. App. 203 (1969)

<u>Habel v. Tavormina</u>, 597 S.E.2d 645, 266 Ga. App. 613 (2004)

(b)     Conversion (check funds)

O.C.G.A. § 51-10-1
O.C.G.A. § 16-9-20
O.C.G.A. § 13-6-15
O.C.G.A. § 51-1-12

<u>Travelers Insurance Company v. King</u>, 287 S.E.2d 381, 384, 160 Ga. App. 473, 475 (1981)

<u>Georgia Lottery Corp. v. First Nat. Bank of Grady County</u>, 560 S.E.2d 345, 347, 253 Ga. App. 784, 786 (2002)

<u>Sawgrass Builders, Inc. v. Realty Cooperative, Inc.</u>, 323 S.E.2d, 243, 244, 172 Ga. App. 324, 234-325 (1984)

<u>Bailey v. Polote</u>, 262 S.E.2d 551, 152 Ga. App. 255 (1979)

Mason v. Blayton, 166 S.E.2d 601, 119 Ga. App. 203 (1969)

Habel v. Tavormina, 597 S.E.2d 645, 266 Ga. App. 613 (2004)

(c)     Quantum Meruit

O.C.G.A. § 9-2-7

Parker & Co., Inc. v. Glenn, 83 S.E. 2d 263, 90 Ga. App. 500 (1954)

(d)     Unjust Enrichment

St. Paul Mecury Ins., Co. v. Meeks, 508 S.E.2d 646, 270 Ga. 136 (1998)

Stenger v. Rogers, 2006 WL 449151 (N.D.Ga. 2006)

Smith Serv. Oil Co., Inc. v. Parker, 549 S.E. 2d 485, 250 Ga. App. 270 (2001)

(e)     Breach of Implied Promise

Wilson v. Cunningham, 365 S.E. 2d 534, 185 Ga. App. 734 (1988)

Exum Walker, MD., P.C., Pension Trust v. Joanna M. Knox & Associates, Inc., 207 S.E.2d 570, 132 Ga. App. 12 (1974)

(f)     Breach of Implied Duty of Good Faith and Fair Dealing

Kennedy v. The Droughton Trust, 627 S.E. 2d 887, 277 Ga. App. 837 (2006)

(g)     Georgia Prompt Payment Act

O.C.G.A. § 13-11-1

(h)     Negligence

O.C.G.A. § 51-1-1
O.C.G.A. § 51-1-4
O.C.G.A. § 51-1-6
O.C.G.A. § 51-1-8

Travelers Insurance Co. v. King, 287 S.E.2d 381, 160
Ga. App. 473 (1981)

(i)     Indemnity

In re Paragon Trade Brands, Inc., 324 B.R. 797 (Bkrtcy.
N.D.Ga. 2002)

Arthur Pew Construction Co., Inc. v. Bryan Construction
Co., Inc., 275 S.E. 2d 384, 156 Ga. App. 780 (1980)

(j)     Assignment/Subrogation - O.C.G.A. § 44-12-22

Landrum v. State Farm Mut. Auto. Ins., Co., 257 S.E.2d
637, 638, 241 Ga. App. 787, 788 (2000)

(k)     Constructive Trust

O.C.G.A. § 53-12-93

(l)     Receivership

O.C.G.A. § 9-8-1 et. seq.

(m)     Punitive Damages

O.C.G.A. § 51-12.5.1

(n)     Post Judgment Interest/Interest Generally

O.C.G.A. § 7-4-12
O.C.G.A. § 13-6-13
O.C.G.A. § 16-9-20
O.C.G.A. § 13-6-15

O.C.G.A. § 13-11-7
O.C.G.A. § 7-4-16

(o)   Attorney's Fees

O.C.G.A. § 13-6-11
O.C.G.A. § 13-11-8
O.C.G.A. § 9-15-14

(p)   Breach of Contract

O.C.G.A. § 13-3-44

Baker v. Jellibeans, Inc., 314 S.E.2d 874, 252 Ga. 458 (1984)

Blanton v. Williams, 70 S.E.2d 416, 209 Ga. 16 (1952)

(q)   Officer Liability

Jennings v. Smith, 487 S.E.2d 362, 364, 226 Ga. App. 765, 766 (1997)

JCI reserves its right to supplement pursuant to FRCP (26)(e).

(3)   Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.  (Attach witness list to Initial Disclosures as Attachment A.)  See Exhibit A.

(4)   Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.  For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.  (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)  See Exhibit B.

(5)   Provide a copy of, or a description by category and location of, all documents, data compilations, and tangible things in your possession, custody, or control that you may use to support your claims or defenses

unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.) See Exhibit C.

(6)     In the space provided below, provide a computation of any category of damages claimed by you.  In addition, include a copy of, or describe by category and location of, the documents or other evidentiary materials, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34.  (Attach any copies and descriptions to Initial Disclosures as Attachment D.)  See Exhibit D.

(7)     Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.   (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)  See Exhibit E.

(8)     Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in Plaintiff's cause of action and state the basis and extent of such interest.

Not applicable.

JCI reserves its right to supplement pursuant to Fed.R.Civ.P. (26)(e).

This 7th day of August, 2006.

**ADORNO & YOSS, LLC**

      /s/ Roxann S. Smithers
Deborah S. Butera
Georgia Bar No. 100217

Roxann S. Smithers
Georgia Bar No. 665055
*Attorneys for Plaintiff*

1349 W. Peachtree Street, NW
Ste 1500
Atlanta, Georgia 30309
Tel:   (404) 347-8305
Fax:  (404) 347-8395
dbutera@adorno.com
rsmithers@adorno.com

# EXHIBIT A

## Witness List

1.    Thomas Gerhardt
      Johnson Controls, Inc.
      Controls Group
      1350 Northmeadow Parkway
      Suite 100
      Roswell, Georgia  30076
      770-870-3902

      Topics:
        a)  Subcontract between JCI and PRAD;
        b)  JCI's performance;
        c)  PRAD's failed performance;
        d)  The role of defendants Sarden, Jafari, and Saunders; and
        e)  JCI's damages.


2.    Joseph Miller
      Johnson Controls, Inc.
      Controls Group
      1350 Northmeadow Parkway
      Suite 100
      Roswell, Georgia  30076
      770-663-0663

      Topics:
        a)  JCI's performance;
        b)  PRAD's failed performance;
        c)  The role of defendants Sarden, Jafari, and Saunders; and
        d)  JCI's damages.

3.    Fred Anderson
      F&D Electric
      1361 Constitution Road
      Atlanta, Georgia  30316
      404-627-9022

Topics:
   a) Agreement between PRAD and F&D Electric;
   b) PRAD's failed performance;
   c) F&D's actions in light of PRAD's performance; and
   d) JCI's performance in light PRAD's performance.

4.    Eugene Carlton
      GC Electric Solutions LLC
      120 Cecil Court
      Fayetteville, Georgia  30214
      770-716-5498

      Topics:
      Agreement between PRAD and GC Electric.
        a) Solutions
        b) PRAD's failed performance;
        c) GC's actions in light of PRAD's performance; and
        d) JCI's performance in light PRAD's performance.

5.    Clayton Hiatt
      Mallory & Evans, Inc.
      620 Kentucky Street
      Scottsdale, Georgia  30079
      404-297-1077

      Topics:
        a) Agreement between PRAD and Mallory & Evans, Inc.;
        b) PRAD's failed performance;
        c) Malory & Evan's actions in light of PRAD's performance; and
        d) JCI's performance in light PRAD's performance.

6.    PRAD, Inc.
      30(b)(6) witness
      1355 Peachtree Street, Suite 15702
      Atlanta, Georgia  30303
      404-979-3300

      Topics:
        a) Agreements between PRAD JCI, F&D, Mallory & Evans and
          GC;

  b) PRAD's failed performance;
  c) JCI, F&D, Mallory & Evans and GC's actions in light of
     PRAD's performance;
  d) Details of conversions;
  e) Location of converted funds;
  f) Identity and role of John Doe;
  g) Role of Defendants Saunders, Sarden, and Jafari in the
     conversions; and
  h) PRAD's attempts to resolve its failed performance.

7.   Kenneth Saunders
     PRAD
     1355 Peachtree Street, Suite 15702
     Atlanta, Georgia  30303
     404-979-3300

     or

     1558 Acord Forest
     Stone Mountain, GA 30088-3725

     Topics:
     a) Agreements between PRAD JCI, F&D, Mallory & Evans and
        GC;
     b) PRAD's failed performance;
     c) JCI, F&D, Mallory & Evans and GC's actions in light of
        PRAD's performance;
     d) Details of the conversions;
     e) Location of the converted funds;
     f) Identity and role of John Doe;
     g) Role of Defendants Saunders, Sarden, and Jafari in the
        conversions; and
     h) PRAD's attempts to resolve its failed performance.

8.   Avery Sarden
     PRAD
     1355 Peachtree Street, Suite 15702
     Atlanta, Georgia  30303
     404-979-3300

     or

5348 Cayuga Court
Lithonia, GA 30338-1106

Topics:
   a) Agreements between PRAD JCI, F&D, Mallory & Evans and GC;
   b) PRAD's failed performance;
   c) JCI, F&D, Mallory & Evans and GC's actions in light of PRAD's performance;
   d) Details of the conversions;
   e) Location of the converted funds;
   f) Identity and role of John Doe;
   g) Role of Defendants Saunders, Sarden, and Jafari in the conversions; and
   h) PRAD's attempts to resolve its failed performance.

9.   Lohrasb "Jeff" Jafari
     PRAD
     1355 Peachtree Street, Suite 15702
     Atlanta, Georgia 30303
     404-979-3300

     or

     4640 Fowler Trail
     Cumming, GA 30041-8920

     Topics:
        a) Agreements between PRAD JCI, F&D, Mallory & Evans and GC;
        b) PRAD's failed performance;
        c) JCI, F&D, Mallory & Evans and GC's actions in light of PRAD's performance;
        d) Details of the conversions;
        e) Location of the converted funds;
        f) Identity and role of John Doe;
        g) Role of Defendants Saunders, Sarden, and Jafari in the conversions; and
        h) PRAD's attempts to resolve its failed performance.

10.    John Doe
       Defendant

       Topics:
           a) Details of conversion; and
           b) Location of converted funds.

11.    JCI also identifies any and all witnesses identified by the Defendants.

12.    JCI reserves its right to supplement pursuant to FRCP (26)(e).

# EXHIBIT B

## Expert List

None identified at this time.

JCI reserves its right to supplement pursuant to Fed.R.Civ.P. (26)(e).

# EXHIBIT C

## Document List

1.  PRAD payment applications
2.  JCI payments to PRAD
3.  Subcontract
4.  PRAD Agreement with M&E
5.  PRAD Agreement with F&D
6.  PRAD Agreement with GC
7.  Assignments of rights and interest from M&E, F&D and GC
8.  JCI's Notice of Default to PRAD, et al.
9.  Second Tier Subcontractors Notices of Default to PRAD et al.
10. Second Tier Subcontractors Notices of Default to JCI
11. PRAD et al.'s responses to Second Tier Contractors and JCI Notices of Default
12. Communications from PRAD et al. financiers for repayment to JCI
13. Documents evidencing presentment and stop payment of check no. 432531
14. JCI Notice of Default on check no. 432531 to PRAD et al.
15. PRAD payments to Second Tier Contractors
16. JCI's payments to Second Tier Contractors
17. Proof of Project delay caused by PRAD
18. Proof of Energy Savings Shortfalls caused by PRAD
19. Prime Contract
20. JCI back charges to PRAD
21. Original Project Schedule
22. Actual Project Schedule showing delays
23. Original Energy Savings Projections
24. Actual Energy Savings to date

JCI reserves its right to supplement pursuant to Fed.R.Civ.P. (26)(e).

# EXHIBIT D

## Damages

(a)    $438,882.00 - The amount of duplicative payment to M&E, GC and F&D:
1.    PRAD payment applications
2.    JCI payments to PRAD
3.    PRAD Agreement with M&E
4.    PRAD Agreement with F&D
5.    PRAD Agreement with GC
6.    Second Tier Subcontractors Notices of Default to PRAD et al.
7.    Second Tier Subcontractors Notices of Default to JCI
8.    PRAD payments to Second Tier Contractors
9.    JCI's payments to Second Tier Contractors

(b)    $52,961.92 - The amount of check no. 432531
1.    Documents evidencing presentment and stop payment of check no. 432531
2.    PRAD et al.'s Responses to Second Tier Contractors and JCI Notices of Default
3.    JCI Notice of Default on check no. 432531 to PRAD et al.

(c)    $42,000 - Delay and energy shortfall
1.    Prime Contract
2.    Original Project Schedule
3.    Actual Project Schedule showing delays
5.    Original Energy Savings Projections
6.    Actual Energy Savings to date
7.    Subcontract

JCI reserves its right to supplement pursuant to Fed.R.Civ.P. (26)(e).

# EXHIBIT E

## Insurance

Not Applicable.

JCI reserves its right to supplement pursuant to Fed.R.Civ.P. (26)(e).

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| JOHNSON CONTROLS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO: 06 CV 1471 |
| v. | ) | |
| | ) | |
| PLANNING, RESEARCH, ANALYSIS, | ) | |
| DESIGN GROUP, INC., | ) | |
| AVERY SARDEN, LOHRASB "JEFF" | ) | |
| JAFARI, KENNETH R. SAUNDERS, | ) | |
| AND JOHN DOE | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have on this date served a true and correct copy

of **PLAINTIFF JOHNSON CONTROLS, INC.'S INITIAL**

**DISCLOSURES** was served on opposing counsel via electronic filing

CM/ECF to:

Richard J. Storrs, Esq.
Attorney at Law
1355 Peachtree Street, Suite 1570
Atlanta, Georgia  30309

{509678.0078/A0072456_1}

This 7th day of August, 2006.

**ADORNO & YOSS, LLC**

_____/s/ Roxann S. Smithers_____
Deborah S. Butera
Georgia Bar No. 100217

Roxann S. Smithers
Georgia Bar No. 665055
*Attorneys for Plaintiff*

1349 W. Peachtree Street, NW
Ste 1500
Atlanta, Georgia 30309
Tel:   (404) 347-8305
Fax:  (404) 347-8395
dbutera@adorno.com
rsmithers@adorno.com